UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BRIAN MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1472-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner filed this action in the United States District Court for the District of North Dakota seeking a writ of habeas corpus. The case was transferred to this Court because Petitioner's place of confinement lies within the geographic boundaries of this judicial district.[1]

This is but the most recent in a long line of cases Petitioner has brought attempting to challenge his conviction in the District Court of Oklahoma County, Case No CF-2010-7695. Although the Petition references 28 U.S.C. § 2241, he requests that his conviction be vacated and has asserted claims that constitute an attack on the validity of his conviction and sentence. Petitioner's claims are therefore brought pursuant to 28 U.S.C. § 2254. Petitioner has unsuccessfully attempted to challenge his conviction and sentence, both in district court and in the Court of Appeals for the Tenth Circuit, on numerous occasions. *See, e.g., Morgan v. United States*, No. 23-2079, 2023 WL 5622932, at *1 (10th Cir. Aug.

---

[1] The case was then referred to United States Magistrate Judge Shon T. Erwin for preliminary review. The Court hereby withdraws the reference.

31, 2023). Petitioner's filing is therefore an unauthorized second or successive § 2254 petition that this court lacks jurisdiction to consider.[2] Petitioner has not indicated that he has received authorization from the Tenth Circuit to pursue a second or successive habeas petition. Further, given Petitioner's filing history and failure to demonstrate that he meets the requirements for bringing a second or successive habeas petition, transferring this action to the Tenth Circuit is not warranted.

The Court additionally concludes it is necessary to impose filing restrictions on Petitioner. In 2014, Petitioner filed his first 28 U.S.C. § 2254 habeas corpus petition in challenging his conviction and sentence. *See Morgan v. Addison*, No. CIV-14-337-R, 2014 WL 2197995, at *2 (W.D. Okla. May 27, 2014). This Court dismissed the petition as filed outside the one-year statute of limitations applicable to habeas corpus actions. *Id.* Petitioner appealed and the Tenth Circuit denied him a certificate of appealability. *Morgan v. Addison*, 574 F. App'x 852, 853 (10th Cir. 2014). The United States Supreme Court also denied him a writ of certiorari. *Morgan v. Addison*, 574 U.S. 1194 (2015).

Petitioner filed a second habeas petition challenging his state court conviction in 2015, which the Court construed as seeking relief under 28 U.S.C. § 2241 and § 2254. *Morgan v. Bear*, No. CIV-15-782-R (W.D. Okla. Sept. 10, 2015). The Court dismissed the § 2254 claims as unauthorized second or successive claims and dismissed the § 2241 claims

---

[2] To the extent Petitioner's Petition could be construed as asserting a challenge to the execution of his sentence under § 2241 based on the state's alleged failure to properly calculate his sentence or earned time credits, this claim duplicates arguments previously raised and rejected in another case. *See Morgan v. Oklahoma*, CIV-25-1317-R (W.D. Okla.).

as meritless. *Id*. "Since then, Morgan has mounted multiple other unsuccessful challenges to his convictions and sentences, both in this circuit and others." *Morgan v. United States*, No. 23-2079, 2023 WL 5622932, at *1 (10th Cir. Aug. 31, 2023).[3] Petitioner was previously warned that meritless and repetitive filings would result in restrictions, but he has not heeded that warning. *Morgan v. United* States, CIV-25-00473-R (April 30, 2025).

"There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (per curiam). Petitioner's persistence in raising near-identical vexatious challenges to the same conviction without permission appears unyielding. The Court therefore concludes that filing restrictions are necessary. The filing restrictions are as follows:

1. Petitioner must present all future habeas petitions, whether filed under § 2254 or § 2241, upon the form petition provided for such use in the District of its filing. No additional pages shall be attached or inserted

---

[3] *See, e.g., Morgan v. United States*, CIV-25-473-R (W. D. Okla. April 30, 2025) (case transferred from the United States District Court for the District of South Carolina and dismissed for lack of jurisdiction); *Morgan v. United States*, CIV-25-389-R (W.D. Okla. April 11, 2025) (case transferred from the United States District Court for the District of North Dakota and dismissed for lack of jurisdiction); *Morgan v. Biden*, CIV-24-1275 (W.D. Okla. Dec. 12, 2024) (case transferred from the United States District Court for the Central District of California and dismissed for lack of jurisdiction); *Morgan v. Biden*, CIV-24-264 (W.D. Okla. April 16, 2024) (case transferred from the United States District Court for the District of Columbia and dismissed for lack of jurisdiction); *Morgan v. Biden*, CIV-24-2-R (W.D. Okla. Feb. 9, 2024) (case dismissed for lack of jurisdiction); *Morgan v. Biden*, CIV-23-1109 (W.D. Okla. Feb. 6, 2024) (case transferred from the United States District Court for the District of Columbia and dismissed for lack of jurisdiction); *Morgan v. Biden,* CIV-23-1097 (W.D. Okla. Jan. 18, 2024) (case transferred from the United States District Court for the Southern District of Indiana and dismissed for lack of jurisdiction); *Morgan v. Crow*, CIV-22-726 (W.D. Okla. Setp. 22, 2022) (dismissed for lack of jurisdiction). And the list goes on.

2. All future petitions must include a signed and sworn attachment listing every petition or other application for post-conviction relief filed by Petitioner in this or any other court (whether state or federal). Each case must be listed in the following manner: by style (title) of the case; docket number; court; date filed; description of the case; and disposition and date thereof.
3. All future Petitions must include an affidavit citing to this order imposing filing restrictions and stating affirmatively that Petitioner has complied with all filing restrictions.
4. All future Petitions must conclude with a paragraph certifying that, to the best of Petitioner's knowledge, the legal arguments advanced are not frivolous or made in bad faith; that they do not duplicate arguments previously raised and rejected in a prior case; and that he will comply with all federal rules and local rules of this court.

The Court will dismiss any Petition that does not comply with these restrictions.

As set out above, the Petition is dismissed for lack of jurisdiction. Petitioner has not met the standard for issuance of a certificate of appealability and a certificate of appealability is therefore denied. Petitioner shall have 21 days from the date of this order to file written objections, limited to no more than ten pages, to the proposed filing restrictions. Unless this court orders otherwise upon review of any timely filed objections, the restrictions shall take effect thirty days from the date of this order and shall apply to any matter filed by Petitioner with this court after that time.

**IT IS SO ORDERED** this 8th day of January, 2026.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE